United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims Series LLC, Plaintiff, <br><br> v. <br><br> State Farm Mutual Automobile Insurance Company, Defendant. | ) ) ) ) ) Civil Action No. 22-23109-Civ-Scola ) ) ) ) |

### Order of Dismissal

This matter is before the Court on the motion to dismiss filed by the Plaintiff, MSP Recovery Claims, Series LLC ("MSP Recovery") (Mot. Dismiss, ECF No. 24), and the motion for summary judgment filed by the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). (Mot. Summ. J., ECF No. 19.) Neither party has responded to either motion, and the time to do so has passed. Having reviewed the briefing, the record, and the relevant legal authorities, the Court **grants** the Plaintiff's motion to dismiss (**ECF No. 24**), dismisses this action with prejudice, and therefore **denies as moot** the Defendant's motion for summary judgment. (**ECF No. 19**.)

Before addressing the motions, the Court must briefly review the procedural history of this case. This action is an effort by MSP Recovery to collect damages from State Farm, a Medicare primary payer, on behalf of a Medicare secondary payer under the Medicare Secondary Payer ("MSP") Act. (Compl. ¶¶ 2-7, 10-28, ECF No. 1-2.) State Farm removed this matter to federal court based on federal question jurisdiction. (Not. Removal, ECF No. 1.) Following discovery, State Farm moved for summary judgment based on evidence it provided demonstrating that "State Farm properly paid the bill it received from [the first medical provider] and the bill it received from [the second medical provider], and (2) State Farm did not receive additional bills from [a third provider at issue]." (Mot. Summ. J. at 8.)

Rather than responding to the motion for summary judgment, MSP Recovery moved to dismiss its own complaint under Federal Rule of Civil Procedure 41(a)(2), seeking a dismissal "with prejudice and on such terms and conditions as the Court deems proper." (Mot. Dismiss at 1.)

A court may grant a plaintiff's motion to dismiss its own case "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court should allow a plaintiff to dismiss its own case "unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Fisher v. Puerto*

*Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502–03 (11th Cir. 1991). But "voluntary dismissal without prejudice is not a matter of right"; rather, the Court must "keep in mind the interests of the defendant" in determining whether dismissal is appropriate. *Id.*

Dismissal with prejudice will appropriately protect State Farm's rights here. *See e.g., Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1300-01 (S.D. Fla. 2016) (Scola, J.) (observing that "only a dismissal with prejudice would be appropriate" where the plaintiff moved to dismiss her case after "extensive discovery" and with a pending, "fully briefed motion for summary judgment" because the Court "fears that the Plaintiff is using this dismissal to escape . . . a ruling against her on the merits.").

Accordingly, the Court **grants** the Plaintiff's motion to dismiss and **dismisses** this matter **with prejudice**. (**ECF No. 24**.) The Court therefore also **denies as moot** the Defendant's motion for summary judgment. (**ECF No. 19**.) The Court **directs** the Clerk to **close** this matter. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on July 14, 2023.

_____
Robert N. Scola, Jr.
United States District Judge